FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2015 MAR -9  P 4: 42

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AUTOMATED TRACKING SOLUTIONS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:15cv142 |
| VALIDFILL, LLC; THE COCA-COLA COMPANY; AND ROYAL CARIBBEAN CRUISES LTD., | JURY TRIAL DEMANDED  HEH |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Automated Tracking Solutions, LLC ("ATS" or "Plaintiff"), by way of Complaint against the above-named defendants ("Defendants"), alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2. Plaintiff ATS is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 8500 Fort Hunt Rd., Alexandria, VA 22308.

3. Defendant ValidFill, LLC is a Limited Liability Company organized under the laws of the State of Florida with its principal place of business at 6222 Tower Lane, Suite B-7, Sarasota, FL 34230 and a registered agent for service of process of Lincoln B. Sokolski at 6222 Tower Lane, Suite B-7, Sarasota, FL 34230.

4. Defendant The Coca-Cola Company is a corporation organized under the laws of the State of Delaware with its principal place of business at One Coca-Cola Plaza, N.W., Atlanta,

1

Georgia, 30313 and a registered agent for service of process at CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060.

5. Defendant Royal Caribbean Cruises LTD. is a Liberian corporation with its principal place of business at 1050 Caribbean Way, Miami, Florida, 33132 and a registered agent for service of process of Bradley H. Stein at 1050 Caribbean Way, Miami, Florida, 33132.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. On information and belief, Defendant The Coca-Cola Company maintains a registered agent at CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060. On information and belief, Defendants are also subject to the jurisdiction of this Court by reason of their acts of patent infringement which have been committed in this Judicial District. On information and belief, Defendant The Coca-Cola Company has an exclusive 5 year licensing relationship with Defendant ValidFill LLC related to ValidFill LLC's RFID beverage dispensing technology for use in the Freestyle beverage service. Defendant Coca-Cola Company has provided Freestyle beverage service machines in this Judicial District. On information and belief, Defendant Royal Caribbean Cruises LTD. implements beverage dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, including Coca-Cola Freestyle beverage service machines having ValidFill LLC's RFID beverage dispensing technology, on Defendant Royal Caribbean Cruises LTD's cruise ships. On information and belief, Defendant Royal Caribbean Cruises LTD has operated cruises departing from or visiting Norfolk, Virginia in this District, and is presently booking at least one cruise visiting Norfolk.

As such, Defendants have purposefully availed themselves of the privilege of conducting business within this Judicial District; have established sufficient minimum contacts with this Judicial District such that they should reasonably and fairly anticipate being haled into court in this Judicial District; have purposefully directed activities at residents of the Commonwealth; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## JOINDER

10. Joinder is proper under 35 U.S.C. § 299. The allegations of infringement contained herein are asserted against the Defendants jointly, severally, or in the alternative and arise, at least in part, out of the same series of transactions or occurrences relating to the Defendants' manufacture, use, sale, offer for sale, and importation of the products using the same technology. On information and belief, the infringement allegations arise at least in part from the Defendants' collective activities with respect to the accused Freestyle products. Questions of fact common to the Defendants will arise in the action, including questions relating to Defendants' infringing acts and, on information and belief, the validity of the patents-in-suit.

## FACTUAL BACKGROUND

11. Inventory control was conventionally performed primarily by hand or not at all. As a result, businesses often faced significant shrinkage of inventory and increased labor costs as employees searched for missing items.

12. Dr. Fred H. Sawyer initially founded F.H.S. Systems Engineering & Technical Services, Ltd. to develop and integrate new RFID technology into these manual processes. In 2005, Dr. Sawyer founded Automated Tracking Solutions Incorporated, which became ATS,

3

when Adam S. Malamut, Scott D. Liebling and Ronald L. Dubrow joined on August 14, 2007, to continue the development and integration of RFID technology.

13. Dr. Sawyer has been a resident of Alexandria, Virginia, since 1984. He was born and grew up in Norfolk, Virginia and attended college at Virginia State University, obtaining a degree in Physics in 1962. Dr. Sawyer also obtained a doctorate in Operations Research in 1977 from the George Washington University with a concentration in queueing theory, and a master's degree in Electrical Engineering in 1987 from Penn State University. He is the majority owner of ATS.

14. Dr. Sawyer invented processes and systems that permit identification, tracking, location, and/or surveillance of tagged objects anywhere in a facility or area. As part of his work at ATS, Dr. Sawyer designed and built an operable system for performing these functions.

15. Dr. Sawyer filed for patents to protect these inventions at the United States Patent and Trademark Office ("USPTO").

16. Dr. Sawyer is the sole named inventor in United States Patent Nos. 7,551,089, 7,834,766, 8,842,013, and 8,896,449 (collectively the "Patents-in-Suit") and has assigned the Patents-in-Suit to ATS.

## THE PATENTS-IN-SUIT

17. The allegations set forth in the foregoing paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

18. On June 23, 2009, United States Patent No. 7,551,089 ("the '089 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '089 Patent is attached as Exhibit A to this Complaint.

4

19.     On November 16, 2010, United States Patent No. 7,834,766 ("the '766 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '766 Patent is attached as Exhibit B to this Complaint.

20.     On September 23, 2014, United States Patent No. 8,842,013 ("the '013 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '013 Patent is attached as Exhibit C to this Complaint.

21.     On November 25, 2014, United States Patent No. 8,896,449 ("the '449 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '449 Patent is attached as Exhibit D to this Complaint.

22.     ATS is the assignee and owner of the right, title and interest in and to the '089 Patent, '766 Patent, '013 Patent, and '449 Patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT No. 7,551,089

23.     The allegations set forth in the foregoing paragraphs 1 through 22 are hereby realleged and incorporated herein by reference.

24.     In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '089 Patent by making, using, offering for sale, selling, and/or importing systems that practice the subject matter claimed in one or more claims of the '089 Patent (the "'089 Patent Accused Products"), including but not limited to claim 49, within this Judicial District without the authority of ATS.

For example, Defendants have directly infringed the '089 Patent by using beverage dispensers, including but not limited to Freestyle beverage dispensers and other dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID transponders associated with beverage containers.

25. Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendants of their infringement of the '089 Patent. ATS has been harmed by Defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT No. 7,834,766

26. The allegations set forth in the foregoing paragraphs 1 through 25 are hereby realleged and incorporated herein by reference.

27. In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '766 Patent by making, using, offering for sale, selling, and/or importing systems that practice the subject matter claimed in one or more claims of the '766 Patent (the "'766 Patent Accused Products"), including but not limited to claim 1, within this Judicial District without the authority of ATS. For example, Defendants have directly infringed the '766 Patent by using beverage dispensers, including but not limited to Freestyle beverage dispensers and other dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID transponders associated with beverage containers.

28. Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant of their infringement of the '766 Patent. ATS has been harmed by Defendants' infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT No. 8,842,013

29.     The allegations set forth in the foregoing paragraphs 1 through 28 are hereby realleged and incorporated herein by reference.

30.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '013 Patent by making, using, offering for sale, selling, and/or importing systems that practice the subject matter claimed in one or more claims of the '013 Patent (the "'013 Patent Accused Products"), including but not limited to claim 1, within this Judicial District without the authority of ATS. For example, Defendants have directly infringed the '013 Patent by using beverage dispensers, including but not limited to Freestyle beverage dispensers and other dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID transponders associated with beverage containers.

31.     Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant of its infringement of the '013 Patent. ATS has been harmed by Defendants' infringing activities.

## COUNT IV – INFRINGEMENT OF U.S. PATENT No. 8,896,449

32.     The allegations set forth in the foregoing paragraphs 1 through 31 are hereby realleged and incorporated herein by reference.

33.     In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '449 Patent by making, using, offering for sale, selling, and/or importing systems that practice the subject matter claimed in one or more claims of the '449 Patent (the "'449 Patent Accused Products"), including but not limited to claim 1, within this Judicial District without the authority of ATS.

For example, Defendants have directly infringed the '449 Patent by using beverage dispensers, including but not limited to Freestyle beverage dispensers and other dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID transponders associated with beverage containers.

34.     Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendants of their infringement of the '449 Patent. ATS has been harmed by Defendants' infringing activities.

## JURY DEMAND

ATS demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, ATS respectfully requests that this Court enter judgment for ATS and against Defendants as follows:

a.    An adjudication that Defendants have infringed the Patents-in-Suit;

b.    An award of damages to be paid by Defendants adequate to compensate ATS for Defendants' past infringement of the Patents-in-Suit, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c.    An order requiring Defendants to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered; and

For such further relief at law and in equity as the Court may deem just and proper.

Dated: March 9, 2015

Respectfully submitted,

*/s/ Cecil E. Key*

Cecil E. Key
Virginia Bar No. 41018
**KEY IP LAW GROUP, PLLC**
1934 Old Gallows Road, Suite 350
Vienna, Virginia 22182
Phone: (703) 752-6276
Fax: (703) 752-6201
Email: cecil@keyiplaw.com

*Attorneys for Plaintiff*
*Automated Tracking Solutions, LLC*