IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| AUTOMATED TRACKING SOLUTIONS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>VALIDFILL, LLC; THE COCA-COLA COMPANY; AND ROYAL CARIBBEAN CRUISES LTD.,<br><br>   Defendants. | Civil Action No. 3:15-cv-142-HEH<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

  Plaintiff Automated Tracking Solutions, LLC ("ATS" or "Plaintiff"), having obtained the written consent of Defendants ValidFill, LLC, the Coca-Cola Company, and Royal Caribbean Cruises LTD. pursuant to Fed. R. Civ. P. 15(a)(2), files this First Amended Complaint against the above-named defendants ("Defendants") and alleges the following:

**NATURE OF THE ACTION**

  1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**THE PARTIES**

  2.  Plaintiff ATS is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 8500 Fort Hunt Rd., Alexandria, VA 22308.

  3.  Defendant ValidFill, LLC is a Limited Liability Company organized under the laws of the State of Florida with its principal place of business at 6222 Tower Lane, Suite B-7, Sarasota, FL 34230 and a registered agent for service of process of Lincoln B. Sokolski at 6222 Tower Lane, Suite B-7, Sarasota, FL 34230.

4.      Defendant The Coca-Cola Company is a corporation organized under the laws of the State of Delaware with its principal place of business at One Coca-Cola Plaza, N.W., Atlanta, Georgia, 30313 and a registered agent for service of process at CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060.

5.      Defendant Royal Caribbean Cruises LTD. is a Liberian corporation with its principal place of business at 1050 Caribbean Way, Miami, Florida, 33132 and a registered agent for service of process of Bradley H. Stein at 1050 Caribbean Way, Miami, Florida, 33132.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.      On information and belief, Defendant The Coca-Cola Company maintains a registered agent at CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia, 23060.  On information and belief, Defendants are also subject to the jurisdiction of this Court by reason of their acts of patent infringement which have been committed in this Judicial District. On information and belief, Defendant The Coca-Cola Company has an exclusive 5 years licensing relationship with Defendant ValidFill LLC related to ValidFill LLC's RFID beverage dispensing technology for use in the Freestyle beverage service.  Defendant Coca-Cola Company has provided Freestyle beverage service machines in this Judicial District.  On information and belief, Defendant Royal Caribbean Cruises LTD. implements beverage dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, including Coca-Cola Freestyle beverage service machines having ValidFill LLC's RFID beverage dispensing technology, on Defendant Royal Caribbean Cruises LTD's cruise ships.  On information and

belief, Defendant Royal Caribbean Cruises LTD has operated cruises departing from or visiting Norfolk, Virginia in this District, and is presently booking at least one cruise visiting Norfolk. As such, Defendants have purposefully availed themselves of the privilege of conducting business within this Judicial District; have established sufficient minimum contacts with this Judicial District such that they should reasonably and fairly anticipate being haled into court in this Judicial District; have purposefully directed activities at residents of this Commonwealth; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## JOINDER

10.     Joinder is proper under 35 U.S.C. § 299. The allegations of infringement contained herein are asserted against the Defendants jointly, severally, or in the alternative and arise, at least in part, out of the same series of transactions or occurrences relating to the Defendants' manufacture, use, sale, offer for sale, and importation of the products using the same technology.  On information and belief, the infringement allegations arise at least in part from the Defendants' collective activities with respect to the Freestyle accused products. Questions of fact common to the Defendants will arise in the action, including questions relating to Defendants' infringing acts and, on information and belief, the validity of the patents-in-suit.

## FACTUAL BACKGROUND

11.     Inventory control was conventionally performed primarily by hand or not at all. As a result, businesses often faced significant shrinkage of inventory and increased labor costs as employees searched for missing items.

12.     Dr. Fred H. Sawyer initially founded F.H.S. Systems Engineering & Technical Services, Ltd. to develop and integrate new RFID technology into these manual processes.  In 2005, Dr. Sawyer founded Automated Tracking Solutions Incorporated, which became ATS, when Adam S. Malamut, Scott D. Liebling and Ronald L. Dubrow joined on August 14, 2007, to continue the development and integration of RFID technology.

13.     Dr. Sawyer has been a resident of Alexandria, Virginia, since 1984.  He was born and grew up in Norfolk, Virginia and attended college at Virginia State University, obtaining a degree in Physics in 1962.  Dr. Sawyer also obtained a doctorate in Operations Research in 1977 from the George Washington University with a concentration in queueing theory, and a master's degree in Electrical Engineering in 1987 from Penn State University.  He is the majority owner of ATS.

14.     Dr. Sawyer invented processes and systems that permit identification, tracking, location, and/or surveillance of tagged objects anywhere in a facility or area.  As part of his work at ATS, Dr. Sawyer designed and built an operable system for performing these functions.

15.     Dr. Sawyer filed for patents to protect these inventions at the United States Patent and Trademark Office ("USPTO").

16.     Dr. Sawyer is the sole named inventor in United States Patent Nos. 7,551,089, 7,834,766, 842,013, and 8,896,449 (collectively the "Patents-in-Suit") and has assigned the Patents-in-Suit to ATS.

## THE PATENTS-IN-SUIT

17.     The allegations set forth in the foregoing paragraphs 1 through 16 are hereby realleged and incorporated herein by reference.

18.     On June 23, 2009, United States Patent No. 7,551,089 ("the '089 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '089 Patent is attached as Exhibit A to this Complaint.

19.     On November 16, 2010, United States Patent No. 7,834,766 ("the '766 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '766 Patent is attached as Exhibit B to this Complaint.

20.     On September 23, 2014, United States Patent No. 8,842,013 ("the '013 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '013 Patent is attached as Exhibit C to this Complaint.

21.     On November 25, 2014, United States Patent No. 8,896,449 ("the '449 Patent") entitled "Method and apparatus for tracking objects and people" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '449 Patent is attached as Exhibit D to this Complaint.

22.     ATS is the assignee and owner of the right, title and interest in and to the '089 Patent, '766 Patent,'013 Patent, and '449 Patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT No. 7,551,089

23.     The allegations set forth in the foregoing paragraphs 1 through 22 are hereby realleged and incorporated herein by reference.

24.     In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '089 Patent by making, using, offering for sale, selling, and/or importing systems that practice the subject matter claimed in one or more claims of the '089 Patent (the "'089 Patent Accused Products"), including but not limited to claim 49, within this Judicial District without the authority of ATS. For example, Defendants have directly infringed the '089 Patent by using beverage dispensers, including but not limited to Freestyle beverage dispensers and other dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID transponders associated with cups.

25.     In violation of 35 U.S.C. § 271(a), Defendant The Coca-Cola Company has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '089 Patent in the Freestyle beverage dispensers identified in the preceding paragraph by using RFID to monitor and track cartridges installed within the Freestyle beverage dispenser.

26.     Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendants of their infringement of the '089 Patent.  ATS has been harmed by Defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT No. 7,834,766

27.     The allegations set forth in the foregoing paragraphs 1 through 25 are hereby realleged and incorporated herein by reference.

28.     In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '766 Patent by making, using, offering for sale, selling, and/or importing systems that practice the subject

matter claimed in one or more claims of the '766 Patent (the "'766 Patent Accused Products"),
including but not limited to claim 1, within this Judicial District without the authority of ATS.
For example, Defendants have directly infringed the '766 Patent by using beverage dispensers,
including but not limited to Freestyle beverage dispensers and other dispensers having Defendant
ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID
transponders associated with cups.

29.     In violation of 35 U.S.C. § 271(a), Defendant The Coca-Cola Company has
directly infringed and continue to directly infringe, both literally and under the doctrine of
equivalents, the '766 Patent in the Freestyle beverage dispensers identified in the preceding
paragraph by using RFID to monitor and track cartridges installed within the Freestyle beverage
dispenser.

30.     Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to
Defendant of their infringement of the '766 Patent.  ATS has been harmed by Defendants'
infringing activities.

### COUNT III – INFRINGEMENT OF U.S. PATENT No. 8,842,013

31.     The allegations set forth in the foregoing paragraphs 1 through 28 are hereby
realleged and incorporated herein by reference.

32.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues
to directly infringe, both literally and under the doctrine of equivalents, the '013 Patent by
making, using, offering for sale, selling, and/or importing systems that practice the subject matter
claimed in one or more claims of the '013 Patent (the "'013 Patent Accused Products"),
including but not limited to claim 1, within this Judicial District without the authority of ATS.
For example, Defendants have directly infringed the '013 Patent by using beverage dispensers,

including but not limited to Freestyle beverage dispensers and other dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID transponders associated with cups.

33.     In violation of 35 U.S.C. § 271(a), Defendant The Coca-Cola Company has further directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '013 Patent in the Freestyle beverage dispensers identified in the preceding paragraph by using RFID to monitor and track cartridges installed within the Freestyle beverage dispenser.

34.     Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant of its infringement of the '013 Patent.  ATS has been harmed by Defendants' infringing activities.

### COUNT IV – INFRINGEMENT OF U.S. PATENT No. 8,896,449

35.     The allegations set forth in the foregoing paragraphs 1 through 31 are hereby realleged and incorporated herein by reference.

36.     In violation of 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '449 Patent by making, using, offering for sale, selling, and/or importing systems that practice the subject matter claimed in one or more claims of the '449 Patent (the "'449 Patent Accused Products"), including but not limited to claim 1, within this Judicial District without the authority of ATS. For example, Defendants have directly infringed the '449 Patent by using beverage dispensers, including but not limited to Freestyle beverage dispensers and other dispensers having Defendant ValidFill LLC's RFID beverage dispensing technology, for identifying and tracking RFID transponders associated with cups.

37.     In violation of 35 U.S.C. § 271(a), Defendant The Coca-Cola Company has further directly infringed and continue to directly infringe, both literally and under the doctrine of equivalents, the '449 Patent in the Freestyle beverage dispensers identified in the preceding paragraph by using RFID to monitor and track cartridges installed within the Freestyle beverage dispenser.

38.     Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendants of their infringement of the '449 Patent.  ATS has been harmed by Defendants' infringing activities.

## JURY DEMAND

ATS demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, ATS respectfully requests that this Court enter judgment for ATS and against Defendants as follows:

a.     An adjudication that Defendants have infringed the Patents-in-Suit;

b.     An award of damages to be paid by Defendants adequate to compensate ATS for Defendants' past infringement of the Patents-in-Suit, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c.     An order requiring Defendants to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered; and

For such further relief at law and in equity as the Court may deem just and proper.

Dated:  June 22, 2015                    KEY IP LAW GROUP, PLLC

                                         */s/ Cecil E. Key*
                                         Cecil E. Key #41018
                                         cecil@keyiplaw.com
                                         1934 Old Gallows Road, Suite 350
                                         Vienna, Virginia 22182
                                         Phone:  (703) 752-6276
                                         Fax:  (703) 752-6201

                                         Steven R. Daniels (*Admitted Pro Hac Vice*)
                                         Texas State Bar 24025318
                                         sdaniels@farneydaniels.com
                                         Bryan Atkinson (*Admitted Pro Hac Vice*)
                                         Texas State Bar 24036157
                                         batkinson@farneydaniels.com
                                         FARNEY DANIELS, PC
                                         800 S. Austin Avenue, Suite 200
                                         Georgetown, Texas 78626
                                         Phone: (512) 582-2828
                                         Fax: (512) 582-2829

                                         *Attorneys for Plaintiff*
                                         *Automated Tracking Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2015, I will electronically file the foregoing with the Clerk of
Court using the CM/ECF system, which will then send a notification of such filing to all counsel
of record.

                                         */s/ Cecil E. Key*