IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AUTOMATED TRACKING, SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 3:15cv142–HEH ) |
| VALIDFILL, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Motion to Transfer Venue)

THIS MATTER is before the Court on Defendant, Coca-Cola Company's ("Coca-Cola"), Motion to Transfer (ECF No. 55). Plaintiff Automated Tracking Solutions, LLC ("ATS") alleges that Coca-Cola infringed on four of its patents relating to Radio Frequency Identification ("RFID") technology. Coca-Cola now asks this Court to transfer the action to the Northern District of Georgia. For the reasons set forth below, the Court will grant Coca-Cola's motion.

On March 9, 2015, ATS filed this action alleging that Coca-Cola, Royal Caribbean Cruises, and ValidFill, LLC infringed on United States Patent Nos. 7,551,089; 7,834,766; 8,842,013; and 8,896,449 (collectively the "patents-in-suit") through the use of RFID-based technology in Coca-Cola's Freestyle beverage systems ("Freestyle system") (Compl. ¶¶ 23–34, ECF No. 1.) According to ATS, ValidFill was contracted by Coca-Cola to install RFID-based inventory technology in the Freestyle system, which was then installed in Royal Caribbean cruise ships. In its original filings, ATS asserted that this

Court had personal jurisdiction over Coca-Cola based on the fact that its Freestyle systems were installed on Royal Caribbean cruise ships that operated out of Norfolk, Virginia. On June 22, 2015, ATS filed its Amended Complaint against all Defendants and expanded claims of infringement against Coca-Cola based on the use of RFID technology in the Freestyle system. (Am. Compl. ¶¶ 23–38, ECF No. 33). On August 20, 2015, this Court dismissed the claims between ATS, Royal Caribbean, and ValidFill. (ECF No. 53.) As the lone remaining Defendant, Coca-Cola now moves to transfer venue to the Northern District of Georgia.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Provided that the plaintiff's claims could initially have been brought in the transferee forum, "[t]he decision whether to transfer an action pursuant to § 1404(a) 'is committed to the sound discretion of the district court.'" *BHP Int'l Inv., Inc. v. Online Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000) (quoting *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 591 (E.D. Va. 1992)). In making that determination, the Court considers: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). The movant bears the burden of establishing that the factors strongly favor transfer. *United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va. 1985) (quoting *Tex. Gulf Sulfur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The parties do not dispute that the claims against Coca-Cola could

2

have been brought in the Northern District of Georgia.[1] Rather, the parties focus on the discretionary factors governing transfer. The Court considers these factors in turn.

Coca-Cola contends that ATS's choice of forum should be given little weight because this matter's connection to this district is overstated. (Def.'s Mem. Supp. Def.'s Mot. Transfer Venue ("Def.'s Mem.") 7–9, ECF No. 55-1.) Conversely, ATS argues that as Plaintiff, this Court should afford ATS's choice of forum substantial weight. (Pl.'s Opp'n Def.'s Mem. Supp. Def.'s Mot. Transfer Venue ("Pl.'s Opp'n") 7–9, ECF No. 56.)

"[T]he plaintiff's choice of forum is ordinarily entitled to substantial weight." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003). However, "if there is little connection between the claims and th[e] judicial district, that would militate against a plaintiff's chosen forum and weigh in favor of transfer to a venue with more substantial contacts." *Id.* at 635. Even when a plaintiff sues in its home forum, that fact alone is not controlling and the weight of that factor depends on the nexus between the case and forum. *Global Tel Link Corp. v. Securus Tech. Inc.*, 2014 WL 860609, at *4 (E.D. Va. Mar. 5, 2014).

In this case, ATS's choice of forum is not entitled to the substantial weight that typically attends a plaintiff's choice of forum. ATS maintains its headquarters at 8500

---

[1] In a patent infringement action, venue is proper in any "judicial district where the defendant resides." 28 U.S.C. § 1400(b). For the purposes of venue, a corporate defendant resides in any judicial district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Coca-Cola is headquartered and has its principal place of business in Atlanta, Georgia, and is, therefore, subject to personal jurisdiction in the Northern District of Georgia.

Fort Hunt Road, Alexandria, Virginia. Dr. Frederick Sawyer ("Sawyer"), ATS's founder, Chief Technical Officer, and inventor of the patents-in-suit, also resides in Alexandria.[2]

Although ATS focuses heavily on the apparent time that Sawyer dedicated in Alexandria to the development of his patents, ATS's business appears to be solely based around the sale and enforcement of its intellectual property rights. Indeed, it does not appear, and ATS does not allege, that it currently designs, develops, manufactures, or sells any products in Virginia or elsewhere. Conversely, it has filed at least nine patent infringement suits in the past several years, one of which was not in this district. Such "non-practicing" entities whose only form of business is the enforcement of intellectual property rights have generally been afforded minimal weight in their choice of forum. *See, e.g., CIVIX-DDI, LLC v. Loopnet, Inc.*, 2012 WL 3776688, at *3–4 (E.D. Va. Aug. 30, 2012). Here, aside from ATS declaring its headquarters in Alexandria and Sawyer's residence there, no other significant connection exists between ATS and Virginia. This minimal connection cuts against the weight ordinarily afforded to a plaintiff's choice of forum.

Additionally, whether the Defendant sold or offered for sale their allegedly infringing products or services in this district is of little import. Sales activity alone does not establish a substantial connection to the forum. *Agilent Techs., Inc. v. Micromuse, Inc.*, 316 F. Supp. 2d 322, 327 n.3 (E.D. Va. 2004). Although ATS has alleged that the

---

[2] Coca-Cola contends that the location of ATS's headquarters is Sawyer's personal residence. (Def.'s Mem. 1.) ATS does not address that issue in responding to Coca-Cola's Motion to Transfer. Because the Court finds that Coca-Cola has met its burden in showing this matter should be transferred independent of that fact, whether or not ATS is headquartered at Sawyer's personal residence is of little import.

4

Freestyle system is utilized throughout Virginia, it is undoubtedly used to an equal degree throughout the country. Coca-Cola's activity here is not unique to this forum and does not support a significant connection to this district for the purposes of this motion. Accordingly, the Court does not afford ATS's choice of forum significant weight.

Turning next to the convenience of the witnesses and sources of evidence, Coca-Cola contends the majority of accused Coca-Cola devices and systems, witnesses aware of those devices and systems, and documents pertaining to those devices and systems are located in the Northern District of Georgia. (Def.'s Mem. 9–11.) On the other hand, ATS proffers that Sawyer, as its main witness, and a "prototype" of the system performing the functions subject to the patents-in-suit are both located in Alexandria, Virginia. (Pl.'s Opp'n 12–13.)

Generally, the preferred forum in a patent infringement action "is that which is the center of the accused activity, and the trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Global Touch Solutions, LLC v. Toshiba Corp.*, __ F. Supp. 3d __, 2015 WL 3798085, at *14 (E.D. Va. June 15, 2015) (quoting *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)) (internal quotations omitted). To that end, the forum that contains the nucleus of infringement activity would inherently be the most convenient location to litigate a case because the bulk of witnesses or evidence of infringement is likely to be located there. Because the majority of witnesses and evidence pertaining to infringement are located in the Northern District of Georgia, this factor weighs heavily in favor of transfer.

As Coca-Cola details in its pleading, "the majority of the Coca-Cola employees responsible for the technical development, execution, and support of the Freestyle beverage dispensers reside in Atlanta." (Def.'s Mem. 10.) Additionally, none of the Coca-Cola employees with information pertinent to this action, and who could potentially be called to testify, resides in Virginia. (*Id.*) As with witnesses, Coca-Cola asserts that no documentation relevant to this action is located in Virginia. (*Id.*)

Although Plaintiff's suit relates to cruise ships docked in Norfolk, Virginia, the essence of ATS's case stems from Coca-Cola's general alleged infringement in the creation of the Freestyle system. Moreover, the "hub of activity around" infringement undoubtedly lies in the Northern District of Georgia where Coca-Cola developed and produced the allegedly infringing system. In sum, the convenience of witnesses and evidence factors weigh heavily in favor of transfer to the Northern District of Georgia.

Next, in assessing the convenience of the parties, ATS contends that the inconvenience of transfer to the Northern District of Georgia would be greater than the inconvenience on Coca-Cola in litigating in this district. (Pl.'s Opp'n 13.) As detailed above, the majority of the witnesses and evidence are found at Coca-Cola's headquarters. For similar reasons, the convenience of the parties factor weights in favor of transfer.

Finally, Coca-Cola advances the interest of justice factor, suggesting that the Eastern District of Virginia has no truly local interest in hearing this suit. (Def.'s Mem. 12.) To the contrary, Coca-Cola points out that the Northern District of Georgia has unique interests in resolving this matter as Coca-Cola developed and tested the Freestyle system in that district. (*Id.* at 12–13.) On the other hand, ATS believes that this district

6

has a particular interest in deciding this case because ATS is headquartered here and a substantial amount of work was done on the patents-in-suit in Alexandria.

"The interest of justice 'encompasses public interest factors aimed at systemic integrity and fairness.'" *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (quoting *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005)). Key considerations include "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Jaffee v. LSI Corp.*, 874 F. Supp. 2d 499, 505 (E.D. Va. 2012) (quoting *Byerson*, 467 F. Supp. 2d at 635).

Foremost among the various considerations here is the "interest in deciding a local controversy." At best, if Coca-Cola's Freestyle system did in fact infringe on ATS's patents, this would be a national controversy—not one specific to this district.[3] As detailed above, the fact that ATS appears to be a "non-practicing" entity based in Alexandria has minimal jurisdictional significance, and thus does little to support ATS's contention that this is a local issue. As in *Jaffe*, "citizens in the EDVA have no special interest in this case's outcome . . . and any alleged infringement through the product is not unique to the EDVA." *Id.* at 506.

The remaining considerations do not weigh significantly for or against transfer. For example, the Eastern District of Virginia is not uniquely suited to address patent

---

[3] Indeed, as Coca-Cola points out, since the Freestyle system's public launch in 2009, Coca-Cola customers "have leased and installed thousands of Freestyle dispensers *throughout the United States*." (Def.'s Mem. 2 (emphasis added).)

7

cases over other districts, and there is no apparent implication of a necessity to avoid conflicts of law.

Taking all of the § 1404(a) factors into consideration, Coca-Cola has met its burden of showing that those factors weigh strongly in favor of transfer to the Northern District of Georgia. For the reasons stated above, the Court will grant Coca-Cola's Motion to Transfer. The action will be transferred to the Northern District of Georgia.

An appropriate order shall issue.

It is SO ORDERED.

                                                     /s/
                                     Henry E. Hudson
                                     United States District Judge

Date: Dec. 15, 2015
Richmond, Virginia